UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

American Teleconferencing Services, Ltd.,
d/b/a Premiere Global Services,

      Plaintiff,

v.                                                     Civil No. 08-5967 (JNE/RLE)
                                                     ORDER

Intercall, Inc.,

      Defendant.

---

Shelly L. Freeman, Esq., Lathrop & Gage L.C., and Carl Crosby Lehmann, Esq., Gray, Plant, Mooty, Mooty & Bennett, P.A., appeared for Plaintiff American Teleconferencing Services, Ltd., d/b/a Premiere Global Services.

Matthew E. Damon, Esq., Halleland Lewis Nilan & Johnson, P.A., appeared for Defendant Intercall, Inc.

---

This is an action by American Teleconferencing Services, Ltd., d/b/a Premiere Global Services (Premiere), against Intercall, Inc., for misappropriation of trade secrets and confidential information, and tortious interference with contract and business relations. The case is before the Court on Intercall's Motion to Dismiss or Stay, or Alternatively, for a More Definite Statement. Premiere moves for leave to file a document under seal. For the reasons set forth below, the Court denies Intercall's motion, grants Premiere's motion, and directs the parties to submit memoranda that address whether the Court should stay this action pursuant to 9 U.S.C. § 3 (2006) or the Court's inherent authority.

## I.    BACKGROUND

Premiere initially brought this action against its former employee, Julie White, and her present employer, Intercall. While she worked for Premiere, White executed a Nondisclosure, Nonsolicitation & Inventions Ownership Agreement (Agreement). In its Complaint, Premiere

1

acknowledged that many of its claims "arise out of the Agreement" between Premiere and White. Intercall and White moved to dismiss or stay this action and to compel arbitration of Premiere's claims against White. Premiere voluntarily dismissed without prejudice its claims against White and filed an Amended Complaint that names Intercall as the sole defendant. Premiere again acknowledged that many of its claims "arise out of the Agreement." Intercall and White's motion directed to the original Complaint was withdrawn. Intercall now moves to dismiss or stay this action. In the alternative, Intercall moves for a more definite statement. Premiere seeks leave to file under seal a document that will disclose the information that Intercall claims it needs to respond to the Amended Complaint.

## II.   DISCUSSION

*Dismiss or stay*

Invoking estoppel, Intercall moves to dismiss or stay this action until Premiere either arbitrates its claims against White or decides not to do so. "The courts clearly recognize a nonsignatory's ability to force a signatory into arbitration under the 'alternative' estoppel theory when the relationship of the persons, wrongs and issues involved is a close one." *CD Partners, LLC v. Grizzle*, 424 F.3d 795, 799 (8th Cir. 2005); *see Becker v. Davis*, 491 F.3d 1292, 1303 (11th Cir. 2007) ("The defendants argue that since the complaint alleges a conspiracy between signatory defendants and nonsignatory defendants, equitable estoppel allows a nonsignatory defendant to compel arbitration. We agree."); *Brantley v. Republic Mortgage Ins. Co.*, 424 F.3d 392, 395-96 (4th Cir. 2005) (stating that equitable estoppel allows a nonsignatory to compel arbitration in two circumstances); *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 177 (2d Cir. 2004) ("Our cases have recognized that under principles of estoppel, a non-signatory to an arbitration agreement may compel a signatory to that agreement to arbitrate a dispute [under

certain circumstances]."); *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 526 (5th Cir. 2000) ("[I]n certain limited instances, pursuant to an equitable estoppel doctrine, a non-signatory-to-an-arbitration-agreement-defendant can nevertheless compel arbitration against a signatory-plaintiff."). Here, Intercall invokes estoppel not to compel Premiere to arbitrate its claims against Intercall but to stay or dismiss this action. Intercall has not cited any case that applies estoppel in this fashion, and the Court has found none. Perceiving no compelling reason to blaze this trail, the Court denies Intercall's motion to dismiss or stay.

Nevertheless, the Court is willing to consider whether this action should be stayed pursuant to 9 U.S.C. § 3 or the Court's inherent authority. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983) ("In some cases, of course, it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court . . . as a matter of its discretion to control its docket."); *AgGrow Oils L.L.C. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 242 F.3d 777, 782-83 & n.5 (8th Cir. 2001); *Contracting Nw., Inc. v. City of Fredricksburg*, 713 F.2d 382, 386-87 (8th Cir. 1983); *cf. Midwest Mech. Contractors, Inc. v. Commonwealth Constr. Co.*, 801 F.2d 748, 750 (5th Cir. 1986) (stating that "there is no specific requirement that arbitration actually be pending before a stay of litigation can be granted"). Premiere initially brought this action against both White and Intercall; Premiere's claims against Intercall are largely based on White's alleged misconduct; the Agreement between Premiere and White contains an arbitration clause; Premiere dismissed without prejudice its claims against White in the face of a motion to compel arbitration with her; and Premiere has reserved the right to arbitrate its claims against her. Under these circumstances, a stay may be appropriate. Before deciding whether to stay this

action, the Court grants the parties an opportunity to submit memoranda that address whether the Court should stay this action pursuant to 9 U.S.C. § 3 or the Court's inherent authority.

*More definite statement*

Claiming that it cannot respond to the Amended Complaint without the identities of customers named therein as Customers 1-5, Intercall moves for a more definite statement. Premiere seeks leave to file under seal a key to the identities of those customers. The Court grants Premiere leave to file the key to its customer list under seal. Consequently, the Court denies Intercall's motion for a more definite statement. Premiere shall file the key within five days of the date of this Order. Intercall shall serve its responsive pleading within ten days after Premiere files the key. *See* Fed. R. Civ. P. 12(a)(4).

### III.    CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Intercall's Motion to Dismiss or Stay, or Alternatively, for a More Definite Statement [Docket No. 27] is DENIED.

2. Premiere's Motion to File the Key to its Customer List under Seal [Docket No. 35] is GRANTED. Premiere shall file the key within five days of the date of this Order.

3. Intercall shall serve its responsive pleading within ten days after Premiere files the key to its customer list.

4. By April 24, 2009, the parties shall submit memoranda that address whether the Court should stay this action pursuant to 9 U.S.C. § 3 or the Court's inherent authority. The memoranda shall comply with Local Rule 7.1(c), (e) except that no memorandum shall exceed 3,500 words.

Dated:  April 13, 2009

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
